UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-133-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMAL MOHAMMAD ELEIDY | ) | |

This matter comes before the Court upon a Joint Motion for Computer Access in light of jail visitation restrictions during the COVID-19 pandemic. To balance Defendant's desire to review discovery with the need to adequately protect information entitled to be kept confidential, it is hereby ORDERED:

1. Defendant be given access to a non-networked laptop computer for the sole purpose of reviewing discovery in this case. Defense counsel must secure such laptop computer and pre-load it with programs necessary for Defendant to review all discovery in the case (including a media player program and a PDF viewer at a minimum), but without internet connection capability and any other programs as prohibited by the jail;

2. The FBI shall examine the laptop computer to ensure conformity with this Order. After such review, defense counsel shall deliver the laptop, along with any necessary listening devices, such as headphones and/or earbuds, the proposed access log, and a copy of this Order, to the Albemarle District Jail;

3. The laptop computer and any associated listening devices will be kept in a secure location within the facility where Defendant is housed. Upon request, at

times that are reasonably convenient in the discretion of the jail administrator or his designee, Defendant shall be provided access to the laptop computer and the materials therein, for a period of time that is practicable in the discretion of the jail administrator or his designee. The jail staff must maintain a log of Defendant's access to the laptop computer. The jail shall provide the requisite power supply and other amenities necessary to allow Defendant to operate the laptop computer consistent with this Order;

4. No computer or electronic media may be housed in the cell;

5. The discovery material on the laptop computer may not be duplicated (i.e. in writing) or viewed by anyone other than Defendant;

6. To protect against the misappropriation or prohibited disclosure of any personal identity information (PII), as that term is defined in paragraph 7 of the protective order [DE #24], or other confidential information, Defendant shall not be permitted to make notes during his review of the discovery materials;

7. Defendant is currently housed at Albemarle District Jail. Should Defendant be transferred to a new jail, defense counsel shall confirm with the Warden or other appropriate jail administrator of such new location that it can meet and adhere to the requirements in this Order and shall file a written certification to the Court. Defense counsel shall provide a copy of this Order and the computer access log to the new facility. In the event of a transfer, defense counsel shall make arrangements for the transfer of the laptop computer between the facilities. Defendant shall not be entrusted with the laptop computer during transport; and

8. Should circumstances change so that in-person visits to the jail are consistent with public health recommendations, defense counsel shall consult with the appropriate jail administrator about whether to allow Defendant continued access to the laptop computer, and the parties shall notify the Court and seek appropriate relief, if any, to this Order.

SO ORDERED this __30th__ day of _____March_____, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge